UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LEVON ALEKSANIAN, JAKIR HOSSAIN,
and NEW YORK TAXI WORKERS ALLIANCE,

                Plaintiffs,                MEMORANDUM AND ORDER
                                                      16-CV-4183

    - against –

ANDREW CUOMO, GOVERNOR OF THE
STATE OF NEW YORK, THE NEW YORK
STATE DEPARTMENT OF LABOR, and
ROBERTA REARDON, as COMMISSIONER
OF LABOR,

                Defendants.
----------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Plaintiffs Levon Aleksanian, Jakir Hossain and the New York Taxi Workers Alliance ("NYTWA," together, the "Plaintiffs"), bring claims against New York State Governor Andrew Cuomo, the New York State Department of Labor ("DOL"), and Roberta Reardon as New York State Commissioner of Labor (together, the "Defendants"). Plaintiffs seek declaratory relief from Defendants' alleged violations of Title III of the Social Security Act of 1935, 42 U.S.C. §§ 501-504 and 20 C.F.R. § 640.3(a), and the Equal Protection and Due Process clauses of the United States Constitution. Before the Court is Defendants' motion to dismiss the complaint, which for the reasons indicated herein, is GRANTED. Plaintiffs have also moved for an extension of time to serve Defendant Cuomo. That motion is DENIED as both futile and moot.

## BACKGROUND

Overview and Legal Framework

       Plaintiffs Aleksanian and Hossain (the "Individual Plaintiffs"), are both former drivers for Uber Technologies Inc. ("Uber") in New York City who purport to bring this case on behalf

1

of themselves and other former Uber drivers. ECF 1, Complaint ("Complt."), at ¶¶ 1, 24. They are both members of the NYTWA, a non-profit membership organization with 19,000 members, including 5,000 Uber drivers, that "works to ensure the fair treatment of its member drivers and to promote the dignity of all workers in the taxi, limousine, and black car industries in New York." Id. at ¶¶ 10, 75-76.

Plaintiffs invoke Title III of the Social Security Act of 1935, pursuant to which the federal government provides payments to the states to finance the administration of their unemployment compensation laws. 42 U.S.C. §§ 501-504. In what is commonly referred to as the "when due" clause, that law requires that states receiving funding enact laws providing for

> such methods of administration . . . as are found . . . to be reasonably calculated to insure full payment of unemployment compensation when due . . .

42 U.S.C. § 503(a)(1); see also 20 C.F.R. § 640.3(a) (state laws must provide for "such methods of administration as will reasonably insure the full payment of unemployment benefits to eligible claimant with the greatest promptness that is administratively feasible").

In New York, the DOL relies on the wages reported to the State by employers to make an initial determination of whether a claimant is monetarily eligible for unemployment insurance. Complt. at ¶¶ 2, 19. Claimants must earn a statutory minimum threshold in wages during their previous employment to be monetarily eligible. Id. at ¶ 17. A claimant who believes his wages were misclassified or improperly reported as earnings of an independent contractor (earnings which are not monetarily eligible for unemployment insurance) may provide additional documentation to the DOL for reconsideration. Id. at ¶ 19. The DOL investigates that claim to determine whether the income was actually earned as an employee, and issues a revised

determination of monetary eligibility. Id. at ¶ 19.[1] The DOL says that it generally takes three to six weeks for a claimant to receive his first payment, but that "Independent contractor/off-the-books payment issues can take more than six weeks to resolve." Id. at ¶ 22; see also New York State Department of Labor, Unemployment Insurance Handbook, at p. 45. Plaintiffs allege that Defendants violated the "when due" clause by refusing to adjudicate workers compensation claims filed by the Individual Plaintiffs and other former Uber drivers.

Plaintiff Aleksanian

Aleksanian worked as an Uber driver from August 2014 through September 2015. Id. at ¶ 41. On September 9, 2015, his employment with Uber was terminated. Id. at ¶¶ 47-48. Aleksanian applied for unemployment benefits on September 14, 2015. Id. at ¶ 49. Two weeks later, the DOL issued a determination that he had not made sufficient wages to be eligible for unemployment benefits. Id. at ¶ 50. The DOL had not counted the wages he earned from Uber, because Uber considers its drivers to be independent contractors, not employees. Id. at ¶ 27. Aleksanian submitted proof of his Uber earnings to the DOL. Id. at ¶ 50. On February 9, 2016, Aleksanian contacted the DOL to inquire about his claim. The DOL said it was still investigating, and that "[a]ll Uber claims we have are under executive review." Id at ¶¶ 56-58.

Plaintiff Hossain

Hossain worked as an Uber driver from January 2016 to April 2016. Id. at ¶ 63. On April 25, 2016, his employment with Uber was terminated. Id. at ¶ 67. Hossain applied for

---

[1] After the DOL has established a claimant's monetary eligibility, it considers other statutory factors such as the claimant's willingness to work and whether he is actively looking for work, and then issues a separate decision approving or denying unemployment insurance. Complt. at ¶ 20.

unemployment compensation on May 2, 2016. Id. at ¶ 68.² On May 12, 2016, the DOL issued a determination that he did not make enough wages during the relevant time period to establish entitlement to unemployment benefits. Id. at ¶ 69. As with Aleksanian, the DOL had not considered Hossain's wages from Uber, so he submitted proof of those earnings to the DOL. Id. at ¶¶ 69-70.

Initiation of this Lawsuit and Subsequent Events

Plaintiffs initiated this lawsuit on July 28, 2016. They alleged that Defendants were refusing to investigate or adjudicate applications for unemployment benefits of all former Uber drivers, including the Individual Plaintiffs, in violation of the federal "when due" clause. See generally Complt. at ¶¶ 78-89. They seek (1) an order that Defendants "immediately investigate and adjudicate Individual Plaintiffs' and all Uber drivers' applications and claims for [unemployment insurance] benefits;" (2) a declaration that Defendants' actions violate the Social Security Act and the Equal Protection and Due Process clauses of the United States Constitution; and (3) reasonable attorney's fees. Id. at p. 19.

In August 2016, the DOL issued a determination that Aleksanian had been an employee, not an independent contractor, of Uber, and therefore his wages from Uber counted towards his eligibility for unemployment compensation. ECF 16, Affidavit of Thomas Neumann ("Neumann Aff."), at ¶ 3.³ In September 2016, the DOL issued a determination that Hossain had also

---

² The Complaint is inconsistent regarding the dates during which Hossain worked for Uber and applied for benefits. It states that he was a driver for Uber between January and April 2016, Complt. at ¶ 63, but then alleges that he was terminated by Uber and applied for unemployment benefits in April and May, 2015, respectively. Id. at ¶¶ 67-68. The parties' papers reflect the same inconsistency. The Court assumes that the references to the year 2015 are in error, and actually intended to read 2016, as reflected herein.
³ The DOL also determined that Aleksanian was disqualified from receiving unemployment compensation on other grounds. ECF 16, Neumann Aff., at ¶ 3.

performed services for Uber as an employee which counted towards his eligibility for unemployment compensation. Id. at ¶ 4. Later that month, Hossain was approved to receive unemployment benefits based on his wages from Uber. Id.

## LEGAL STANDARD

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. § 12(b)(1), alleging that the Court lacks subject matter jurisdiction over this case. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000). In resolving a 12(b)(1) motion to dismiss, a district court "may refer to evidence outside the pleadings." Id.

Section 2 of Article III of the Constitution grants judicial power to the federal courts to adjudicate certain "cases" and "controversies." In order to "identify those disputes which are appropriately resolved through the judicial process," the doctrine of standing remains "an essential and unchanging part of the case-or-controversy requirement." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A party invoking federal jurisdiction bears the burden of establishing the three elements of standing: (1) plaintiff has suffered an injury in fact that is concrete and particularized, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision. Id. at 560-61.

The mootness doctrine works in tandem with standing to "ensure[] that the occasion for judicial resolution established by standing persists throughout the life of a lawsuit." Amador v. Andrews, 655 F.3d 89, 99 (2d Cir. 2011). A case is moot when the issues presented are no longer "live." Already, LLC v. Nike, Inc., 133 S.Ct. 721, 726 (2013). In other words, when "'it

5

can be said with assurance that there is no reasonable expectation that the alleged violation will recur, [and] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" Associated Gen. Contractors of Conn. v. City of New Haven, 41 F.3d 62, 66–67 (2d Cir. 1994) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

**DISCUSSION**

A. **Defendants' Motion to Dismiss**

1. The Individual Plaintiffs' Claims are Moot

After this case was filed, Defendants adjudicated the Individual Plaintiffs' unemployment insurance applications: the DOL determined that they were paid as employees by Uber, making them eligible for unemployment compensation, and issued revised determinations to that effect. This is the same relief the Complaint seeks. As a result, the Individual Plaintiffs are no longer suffering "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," Bank v. Caribbean Cruise, Inc., 606 F.App'x 28, 29 (2d Cir. 2015) (internal citations omitted), and it is therefore "impossible for [the C]ourt to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Employees Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) (internal citations omitted); see also Ogunji v. Kerry, No. 13-CV-1208, 2016 WL 4487745, at *2 (E.D.N.Y. Aug. 25, 2016) (action seeking an order directing adjudication of plaintiff's passport application was moot because the application was adjudicated while the case was pending).

Plaintiffs invoke the voluntary cessation doctrine, which holds that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." Already, LLC, 568 U.S. at 91; see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000). A case is moot after a defendant voluntarily discontinues challenged conduct

only if "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Am. Freedom Def. Initiative v. Metro. Transp. Auth., 815 F.3d 105, 109 (2d Cir. 2016) (internal quotations omitted). Plaintiffs argue that Defendants have not demonstrated that "the DOL has stopped the practice of putting Uber drivers' [unemployment] claims on hold," and Defendants could one day "resume the practice." ECF 17, Opposition, at pp. 8-9. Plaintiffs also contend that the Individual Plaintiffs could one day resume working for Uber, seek unemployment compensation again and be faced with a delay in adjudication of their claims. Id. at p. 9.

The violation complained of is Defendants' refusal to adjudicate the Individual Plaintiffs' unemployment compensation claims. For Defendants to repeat that violation against the Individual Plaintiffs, the Individual Plaintiffs must resume working for Uber, have their employment terminated, apply for unemployment benefits and await DOL's adjudication of their claims for a period of time they deem unacceptable. It is unreasonable to expect that such a remote chain of events will occur. Additionally, the DOL's adjudication of the Individual Plaintiffs' applications has completely eradicated the effects of the alleged violation. There is no "ongoing harm from or lingering effect of" the DOL's failure to timely adjudicate the Individual Plaintiffs' claims. Am. Freedom Def. Initiative, 815 F.3d at 110.

As for Plaintiffs' purported representation of all former Uber drivers, Plaintiffs have not pleaded a class action or attempted class certification, nor have they identified any former Uber drivers who are awaiting adjudication of their claims and on whose behalf this case is brought. See generally Complt. The voluntary cessation doctrine does not "allow[] the plaintiff[s] to rely on theories of Article III injury that would fail to establish standing in the first place." Already,

LLC, 568 U.S. at 96. The Court is not aware of any individual who is currently suffering, or is likely to suffer, an injury sufficient to confer standing. See Section 2, infra; see also City of Los Angeles v. Lyons, 461 U.S. 95, 105–06 (1983). The Individual Plaintiffs' claims are "no longer embedded in any actual controversy about [their] particular legal rights." Alvarez v. Smith, 558 U.S. 87, 93 (2009); see also Already, LLC, 568 U.S. at 91. They are dismissed as moot.

　　2. The NYTWA Lacks Standing

An organizational plaintiff suing on its own behalf "must independently satisfy the requirements of Article III standing." Knife Rights, Inc. v. Vance, 802 F.3d 377, 388 (2d Cir. 2015). The NYTWA contends it has suffered an injury in fact because it diverts "considerable resources and time" to counseling its members who are former Uber drivers about their "rights and remedies in regards to [unemployment insurance]." ECF 18, Affidavit of Bhairavi Desai, at ¶ 5. Besides the Individual Plaintiffs, the NYTWA says it has represented five former Uber drivers seeking adjudication of their unemployment insurance claims. Id. at ¶¶ 2, 7. The only such member specifically identified is Jeffrey Shepherd, who applied for unemployment benefits on July 18, 2016 and whose claim the DOL adjudicated on October 7, 2016. Id. at ¶ 7.

"Even assuming that such expenditures perceptibly impaired [the NYTWA's] activities, they at best demonstrate past injury." Knife Rights, 802 F.3d at 387. The NYTWA does not identify any former Uber driver it anticipates, or is currently, assisting who is applying for or awaiting a determination from the DOL. While the NYTWA may have suffered a past injury sufficient to confer standing for compensatory damages, it has not alleged "an injury that can be redressed through the prospective declaratory and injunctive relief sought in this action." Id.; see also McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck, 370 F.3d 275, 284 (2d Cir. 2004) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy

8

the injury requirement but must show a likelihood that he or she will be injured in the future." (internal citation omitted)); Lyons, 461 U.S. at 105–06. Without evidence that "anticipated expenditures and ensuing harm to [its] activities is certainly impending," Knife Rights, 803 F.3d at 389, the NYTWA lacks standing to assert its claims.

**B. Motion for an Extension of Time to Serve Defendant Cuomo**

In their motion to dismiss, Defendants indicated that Governor Cuomo was improperly served in this lawsuit and that this Court therefore lacks personal jurisdiction over him. ECF 15, Memo. of Law, at p. 1 n. 1. Plaintiffs then moved for an extension of time to serve Cuomo. ECF 26. Plaintiffs' claims against Cuomo are identical to those asserted against the other defendants, and fail for the same reasons. Their motion is denied as both futile and moot.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in its entirety. Plaintiffs' motion for an extension of time to serve Defendant Cuomo is denied.

SO ORDERED.

Dated:        Brooklyn, New York
               July 6, 2017

                                                             /s/
                                                      I. Leo Glasser